Andrew P. Karamouzis (AK 9332)
MORAN • KARAMOUZIS LLP
265 Sunrise Highway, Suite 61
Rockville Centre, New York 11570
(516) 678-6660
akaramouzis@mka-law.com

Attorneys for Plaintiff
Boustead Securities, LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
——————————————————————x

**BOUSTEAD SECURITIES, LLC,**                              C.A. No. _____

            **Plaintiff,**
- against –                                                **COMPLAINT**

**G MEDICAL INNOVATIONS**
**HOLDINGS LTD., and G MEDICAL**
**INNOVATIONS USA INC.,**

            **Defendants.**
——————————————————————x

Plaintiff Boustead Securities, LLC, by and through its undersigned attorneys, MORAN • KARAMOUZIS LLP, as and for its Complaint hereby alleges and states as follows:

### NATURE OF THE ACTION

1. Plaintiff Boustead Securities, LLC ("Plaintiff" or "Boustead") is an investment banking firm that, among other things, advises clients on mergers and acquisitions, capital raises and restructuring in a wide array of industries.

2. Defendants G Medical Innovations Holdings Ltd. ( "G Medical Holdings") and G Medical Innovations USA Inc. ("G Medical USA"), G Medical Holdings' wholly-owned subsidiary and affiliate (collectively, "G Medical"), are mobile health and e-health

companies, founded in or around 2014, that develop and market clinical and consumer medical-grade health monitoring solutions, and offer end-to-end support for e-health projects.

3. This is an action for breach of contract based upon two agreements between Plaintiff Boustead and Defendants G Medical: (i) a Separation Agreement, dated February 1, 2021; and (ii) a Financial Advisory Agreement, dated February 2, 2021.

4. Under the terms of both the Separation Agreement and the Financial Advisory Agreement, G Medical agreed to make certain payments to Boustead upon the consummation of G Medical's initial public offering ("IPO"). Despite the fact that G Medical's IPO took place on June 9, 2021, G Medical has failed to make any of the payments owed to Boustead under the parties' Separation Agreement and Financial Advisory Agreement and therefore G Medical is in material breach of both of these agreements.

**THE PARTIES**

5. Plaintiff Boustead is a limited liability company duly organized and existing under the laws of the State of California.

6. Defendant G Medical Holdings is a foreign company registered under the laws of the Cayman Islands with its principal place of business located in Rehovot, Israel.

7. Defendant G Medical USA is a Delaware corporation with its principal place of business located at 1500 S. Lakeside Drive, Bannockburn, Illinois 60015.

8. Upon information and belief, Defendant G Medical USA is a wholly owned subsidiary and/or an affiliate of Defendant G Medical Holdings.

9. Defendant G Medical Holdings' registered agent for service of process is Defendant G Medical USA.

## JURISDICTION AND VENUE

10. Section 6 of the Separation Agreement and Section 9 of the Financial Advisory Agreement both provide that "[t]he parties hereby submit to the jurisdiction of and venue in the federal courts located in the City of New York, New York."

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## FACTUAL BACKGROUND

12. On or about March 12, 2020, Boustead and G Medical entered into a "Proposed IPO and Corporate Finance Transactions Agreement" (the "Engagement Agreement") with respect "to the planned initial public offering by and for G Medical Innovations Holdings Ltd., its subsidiaries, affiliates, and or any other corporate entities that may be utilized from time to time." A true and correct copy of the Engagement Agreement, dated March 12, 2020, is attached hereto as **Exhibit A**.

13. Pursuant to the terms of the Engagement Agreement, Boustead was engaged as the exclusive financial adviser to G Medical, including its affiliates and subsidiaries, in connection with the pursuit of corporate finance activities whose objective was to provide acquisition and growth capital and stock liquidity for G Medical's expansion plan. *See* Engagement Agreement (Exhibit A), at 1.

14. In accordance with the Engagement Agreement, during the period of March 12, 2020 through November 5, 2020, Boustead provided various professional financial

3

advisory services to G Medical related to the company's proposed Initial Public Offering including, but not limited to, performing extensive due diligence, performing detailed financial analysis, identifying potential investors and sources of financing, working with the company and outside counsel to prepare all necessary financing and regulatory documents and filings and providing related financial advice.

15. In early 2021, G Medical and Boustead agreed to terminate the Engagement Agreement. Accordingly, on or about February 1, 2021, Defendant G Medical and Boustead entered into a Separation Agreement, which terminated the Engagement Agreement and any amendments thereto with certain exceptions. A true and correct copy of the Separation Agreement, dated February 1, 2021, is attached hereto as **Exhibit B.**

16. Specifically, under Section 2 of the Separation Agreement, entitled "IPO Expense Reimbursement and Fees," Defendant G Medical agreed to pay the following fees to Boustead:

> [u]pon the consummation of any initial public offering of the Company in the United States that is consummated during the contemplated term of the Engagement Agreement (an "**IPO**"), *the Company shall pay to Boustead $44,500* reflecting all outstanding expenses payable to Boustead by the Company pursuant to the Engagement Agreement. In addition, ***Boustead shall be entitled to a fee of 1% of the gross proceeds to the Company in the IPO and be issued a warrant to purchase that number of shares of Common Stock equal to 1% of the aggregate number of shares sold in the IPO***, upon the same terms as any warrants issued to the underwriters of the IPO.

*See* Separation Agreement (Exhibit B), at 1 (emphasis and italics added).

17. The sole precondition to payment under the Separation Agreement was the "consummation of any initial public offering of the Company in the United States that is

4

consummated during the contemplated term of the Engagement Agreement. . . ." <u>See</u> Separation Agreement (Exhibit B), Section 2.

18. The term of the March 12, 2020 Engagement Agreement expired

> [u]pon the later to occur of (i) eighteen (18) months from the date Boustead receives an executed copy of this Agreement from the Company or (ii) twelve months from the completion date of the IPO or (iii) the mutual written agreement of the Company and Boustead.

<u>See</u> Engagement Agreement (Exhibit A) at § 6.

19. On or about February 2, 2020, G Medical and Boustead also entered into a Financial Advisory Agreement. A true and correct copy of the Financial Advisory Agreement, dated February 2, 2020, is attached hereto as **Exhibit C**.

20. Section 3 of the Financial Advisory Agreement, entitled "Compensation," provides in relevant part:

> ***Boustead shall receive a fee in an amount equal to 1% of the gross proceeds received by the Company in its initial public offering*** in the United States ("IPO") and ***warrants to purchase that number of shares of Common Stock equal to 1% of the aggregate number of shares sold in the IPO***, upon the same terms as any warrants issued to the underwriters of the IPO, subject to and contingent upon the Company becoming a publicly traded company on the Nasdaq prior to October 12, 2021.

<u>See</u> Financial Advisory Agreement, (Exhibit C), at § 3.

21. The sole precondition to payment by G Medical to Boustead under the Financial Advisory Agreement was "the Company becoming a publicly traded company on the Nasdaq prior to October 12, 2021."

22. On June 9, 2021, G Medical announced the closing of its previously announced underwritten initial public offering of 3,000,000 units, each consisting of one ordinary share and one warrant to purchase one ordinary share, at a combined public

offering price of $5.00 per unit for aggregate gross proceeds of approximately $15 million, prior to deducting underwriting discounts, commissions, and other offering expenses.

23. On June 25, 2021, the ordinary shares and warrants began trading on the Nasdaq Capital Market under the symbols "GMVD" and "GMVDW," respectively.

24. Because G Medical became a publicly traded company during the contemplated term of the Engagement Agreement and prior to the October 12, 2021 deadline specified in the Financial Advisory Agreement, G Medical is obligated to pay Boustead the fees set forth under Section 2 of the Separation Agreement and Section 3 of the Financial Advisory Agreement.

25. Specifically, under the plain terms of Section 2 of the Separation Agreement, G Medical is required to pay Boustead the total sum of $194,500 (One Hundred Ninety-Four Thousand Five Hundred Dollars) consisting of: (i) the $44,500 (Forty-Four Thousand Five Hundred Dollars) expense reimbursement; and (ii) $150,000 (One Hundred Fifty Thousand Dollars) (1% of 3,000,000 IPO shares at a $5.00 strike price).

26. Section 2 of the Separation Agreement also requires G Medical to provide Boustead with warrants to purchase 30,000 shares of common stock in G Medical (1% of the aggregate number of shares sold in the IPO).

27. In addition, under the plain terms of Section 3 of the Financial Advisory Agreement, G Medical is required to pay Boustead the total sum of $150,000 (One Hundred Fifty Thousand Dollars) (1% of 3,000,000 IPO shares at a $5.00 strike price) and provide Boustead with warrants to purchase 30,000 (Thirty Thousand) shares of common stock in G Medical (1% of the aggregate number of shares sold in the IPO).

28.     On or about June 28, 2021, Boustead requested payment of the amounts due and owing by G Medical to Boustead under Section 2 of the Separation Agreement and Section 3 of the Financial Advisory Agreement, respectively.  Specifically, on or about June 28, 2021, Boustead sent Invoice MBS 2368 to G Medical, which detailed the outstanding sums and number of warrants due and owing by G Medical to Boustead under Section 2 of the Separation Agreement and Section 3 of the Financial Advisory Agreement, respectively.  A true and correct copy of Invoice MBS 2368, dated June 28, 2021, is attached hereto as **Exhibit D**.

29.     To date, and despite due demand, Defendant G Medical has failed to pay Boustead's Invoice MBS 2368, and the sums set forth therein remain due and owing.

30.     On July 29, 2021, counsel for Boustead sent a demand letter to G Medical demanding: (i) immediate payment to Boustead of the total outstanding balance of $344,500.00 (Three Hundred Forty-Four Thousand Five Hundred Dollars), and (ii) immediate delivery to Boustead of the warrants due in accordance with Section 2 of the Separation Agreement and Section 3 of the Financial Advisory Agreement.  A true and correct copy of Boustead's demand letter, dated July 29, 2021, is attached hereto as **Exhibit E**.

31.     Despite Boustead's repeated demands for payment, G Medical has failed to pay the outstanding balance of $344,500 (Three Hundred Forty-Four Thousand Five Hundred Dollars) to Boustead as required under the terms of the Agreements, which sum remains due and owing.

32.     Despite Boustead's repeated demands for delivery, G-Medical also has failed to issue and deliver the warrants to purchase 60,000 (Sixty Thousand) shares of

common stock in G Medical (2% of the aggregate number of shares sold in the IPO) to Boustead that are due and owing under the Agreements.

33. Based upon the foregoing, Defendant G Medical is in material breach of both the Separation Agreement and the Financial Advisory Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
### Breach of Contract Under the Separation Agreement

34. Plaintiff Boustead repeats and reiterates each and every allegation contained in paragraphs1 through 33 of this Complaint as though fully set forth herein

35. The Engagement Agreement between Plaintiff Boustead and Defendant G Medical is a valid and binding contract.

36. The Separation Agreement between Plaintiff Boustead and Defendant G Medical is a valid and binding contract.

37. Boustead fully performed all of its contractual obligations under the Separation Agreement.

38. Despite due demand, G Medical has failed to pay Boustead the sum of $194,500.00 (One Hundred Ninety-Four Thousand Five Hundred Dollars) which sum is rightfully due and owing to Boustead under the Separation Agreement

39. Despite due demand, G Medical has failed to deliver to Boustead warrants to purchase 30,000 (Thirty Thousand) shares of common stock in G Medical (1% of the aggregate number of shares sold in the IPO).

40. Based upon its failure to pay the fees and deliver the warrants rightfully due and owing to Boustead, G Medical has breached and remains in material breach of the Separation Agreement.

41. As a direct and proximate result of Defendant G Medical's material breach of the Separation Agreement, Plaintiff Boustead has suffered and will continue to suffer substantial damages in an amount to be determined at trial, but in no event less than $194,500.00 (One Hundred Ninety-Four Thousand Five Hundred Dollars), the delivery of warrants to purchase 30,000 (Thirty Thousand) shares of common stock in G Medical, plus applicable interest and the costs and expenses in prosecuting this action, including reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION
**Breach of Contract Under the Financial Advisory Agreement**

42. Plaintiff Boustead repeats and reiterates each and every allegation contained in paragraphs1 through 41 of this Complaint as though fully set forth herein.

43. The Financial Advisory Agreement between Plaintiff Boustead and Defendant G Medical is a valid and binding contract.

44. Boustead fully performed all of its contractual obligations under the Financial Advisory Agreement.

45. Despite due demand, G Medical has failed to pay Boustead the sum of $150,000.00 (One Hundred Fifty Thousand Dollars) which sum is rightfully due and owing to Boustead under the Financial Advisory Agreement.

46. Despite due demand, G Medical has failed to deliver to Boustead warrants to purchase 30,000 (Thirty Thousand) shares of common stock in G Medical (1% of the aggregate number of shares sold in the IPO).

47. Based upon its failure to pay the fees and deliver the warrants rightfully due and owing to Boustead, G Medical has breached and remains in material breach of the Financial Advisory Agreement.

48.     As a direct and proximate result of Defendant G Medical's material breach of the Financial Advisory Agreement, Plaintiff Boustead has suffered and will continue to suffer substantial damages in an amount to be determined at trial, but in no event less than $150,00.00 (One Hundred Fifty Thousand Dollars), the delivery of warrants to purchase 30,000 (Thirty Thousand) shares of common stock in G Medical, plus applicable interest and the costs and expenses in prosecuting this action, including reasonable attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION
**Unjust Enrichment and *Quantum Meruit***

49.     Plaintiff Boustead repeats and reiterates each and every allegation contained in paragraphs 1 through 48 of this Complaint as though fully set forth herein

50.     As set forth in detail above, Boustead devoted substantial work, effort and resources to, for and on behalf of G Medical in connection with the proposed IPO of G Medical stock.

51.     Boustead provided its professional services to G Medical in good faith and in reliance upon Defendant G-Medical's verbal and written representations to compensate Boustead.

52.     G Medical knowingly and willingly accepted Boustead's professional services with the full knowledge that it was contractually obligated to fully compensate Boustead for its professional services.

53.     Equity and good conscience require G Medical to compensate Boustead for all sums which are rightfully due and owing to Boustead.

54.     Likewise, G Medical should not be permitted to receive a windfall in the form of uncompensated professional services from Boustead.

55. As a direct and proximate result of Defendant G Medical's wrongful conduct, Plaintiff Boustead has suffered and will continue to suffer substantial damages in an amount to be determined at trial, but in no event less than $344,500.00 (Three Hundred Forty-Four Thousand Five Hundred Dollars), plus the value of the 60,000 (Sixty Thousand) shares of G Medical common stock, plus applicable interest and the costs and expenses in prosecuting this action, including reasonable attorney's fees.

**WHEREFORE,** Plaintiff Boustead Securities, LLC respectfully requests that this Court enter judgment as against Defendants G Medical Innovations Holdings Ltd. and G Medical Innovations USA, Inc., as follows:

i. Adjudging that Defendants are in default of and material breach of the parties' February 1, 2021 Separation Agreement;

ii. Adjudging that Plaintiff Boustead is entitled to an award of compensatory damages for Defendants' breach of the Separation Agreement in an amount to be determined at trial, but in no event less than $194,500.00 (One Hundred Ninety-Four Thousand Five Hundred Dollars), the delivery of warrants to purchase 30,000 (Thirty Thousand) shares of common stock in G Medical, plus applicable pre- and post-judgment interest and the costs and expenses in prosecuting this action, including reasonable attorney's fees;

iii. Adjudging that Defendants are in default of and material breach of the parties' February 2, 2021 Financial Advisory Agreement;

iv. Adjudging that Plaintiff Boustead is entitled to an award of compensatory damages for Defendants' breach of the Financial Advisory Agreement in an

       amount to be determined at trial, but in no event less than $150,000.00 (One Hundred Fifty Thousand Five Hundred Dollars), the delivery of warrants to purchase 30,000 (Thirty Thousand) shares of common stock in G Medical, plus applicable pre- and post-judgment interest and the costs and expenses in prosecuting this action, including reasonable attorney's fees;

v.    Adjudging that Defendant G Medical has been unjustly enriched and that Plaintiff Boustead is entitled to an award of an amount to be determined at trial, but in no event less than $344,500.00 (Three Hundred Forty-Four Thousand Five Hundred Dollars), the delivery of warrants to purchase 60,000 (Sixty Thousand) shares of common stock in G Medical, plus applicable pre- and post-judgment interest and the costs and expenses in prosecuting this action, including reasonable attorney's fees; and

vi.   An order awarding Plaintiff Boustead all such other and further relief that this Court deems just and proper.

Dated: June 3, 2022
       Rockville Centre, New York

Respectfully submitted,

**MORAN • KARAMOUZIS LLP**

By: *Andrew P. Karamouzis*
    Andrew P. Karamouzis (AK 9332)

265 Sunrise Highway, Suite 61
Rockville Centre, New York 11570
(516) 678-6660
akaramouzis@mka-law.com

*Attorneys for Plaintiff*
*Boustead Securities, LLC*